Filed 10/28/21  P. v. Evans CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B309393 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A776569) |
| v. | |
| KENNETH EVANS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Renee Korn, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

# BACKGROUND

In 1987, a jury found appellant Kenneth Evans guilty of murder and two counts of attempted murder. The jury found true allegations that appellant personally used a firearm in the commission of all three offenses. According to the evidence at trial, appellant shot multiple members of a rival gang, killing one and injuring two others.[1] Following his conviction, appellant was sentenced to 27 years to life in prison.

In 2019, appellant filed a petition for relief under Penal Code section 1170.95, asking the court to vacate his murder conviction under Senate Bill No. 1437 (2017-2018 Reg. Sess.), which eliminated the natural and probable consequences theory as a basis for murder liability and narrowed the felony murder rule. (*People v. Johns* (2020) 50 Cal.App.5th 46, 57-58.) The superior court appointed counsel for appellant. The prosecution filed an opposition, arguing that appellant was ineligible for relief because the record of conviction established that appellant was the actual killer, and thus that he was not convicted based on the natural and probable consequences theory or the felony murder rule. Appellant's counsel filed no reply.

In November 2020, the superior court denied appellant's petition, concluding he had failed to make a prima facie showing of eligibility for relief because he was

---

[1] Four eyewitnesses identified appellant as the shooter at trial.

convicted as "the actual shooter and killer."  Appellant timely appealed.

## DISCUSSION

Appellant's appointed counsel filed a brief raising no issues.  We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days.  We have received no response.

Under *People v. Serrano* (2012) 211 Cal.App.4th 496, when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record. (*Id.* at 498.)  Whether *Serrano* applies to appeals from the denial of petitions for relief under Penal Code section 1170.95 is currently pending before the California Supreme Court in *People v. Delgadillo*, review granted February 17, 2021, S266305.  At appellant's counsel's request, we independently reviewed the record.  Our review revealed no arguable issue.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate

Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)  The evidence at trial and the jury's findings regarding appellant's personal use of a firearm establish that he was convicted of murder as the actual killer.  Moreover, appellant's convictions for attempted murder establish that he acted with the intent to kill.  (See *People v. Canizales* (2019) 7 Cal.5th 591, 602 [specific intent to kill is element of attempted murder].)  Accordingly, the superior court did not err in denying appellant's petition under Penal Code section 1170.95.

## DISPOSITION

The superior court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, P. J.


We concur:


WILLHITE, J.


CURREY, J.